# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LAWRENCE DILLARD a/k/a
MIKE POWERS,

    Petitioner,

v.                                         Civil No. 01-0623 MV/WWD

KEITH NORWOOD, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### Proposed Findings

1. THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 1, 2001. Mr. Dillard is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the judgment, sentence and commitment of the Fifth Judicial District Court in the County of Eddy after pleading guilty for the crimes of burglary and conspiracy.

2. He raises the following grounds in the present petition: that his plea was involuntary because it was coerced and because he was under the influence of drugs; ineffective assistance of counsel based on those same allegations; and violation of his double jeopardy rights because he was punished for both conspiracy and burglary.

3. In his Answer, Respondent argues that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which took effect on April 24, 1996 and amended 28 U.S.C. § 2244(d)(1)(A). Under that provision, a person in custody pursuant to

the judgment of a state court has one year from the date the judgment became final to file an application for writ of habeas corpus pursuant to § 2254.  The time during which a petitioner has a properly filed application for state post-conviction review pending is not counted toward the limitation period.  Rhine v. Boone,182 F.3d 1153, 1155 (10th Cir. 1999).

4. Because Petitioner did not directly appeal his conviction, his conviction became final on November 14, 1999 (*October 15, 1999 + 30 days*).  See Fitts v. Williams, No. 00-2175, 2000 WL 1480494 (10th Cir. NM); N.M.Stat.Ann.1978, § 12-201 (notice of appeal shall be filed within thirty days after judgment).

5. Petitioner filed a petition for writ of habeas corpus in state court on April 13, 2000, which was denied the same day.  Ans., Exs. K & L.  His petition for writ of certiorari in the New Mexico Supreme Court which was filed on May 5, 2000, was denied on May 24, 2000,  Exs. M & N, tolling the limitation period for a total of 41 days (*April 13, 2000 - May 24, 2000*).  Thus, December 26, 2000 became the new deadline for Mr. Dillard's federal petition, which was not filed until approximately six months later.

6. I note that Petitioner filed a post-conviction motion styled as a "peremptory Writ of Mandamus" on March 6, 2000, which was denied on March 20, 2000.  Exs. I & J.  This pleading addresses application of post-conviction confinement credit, and not any of the issues raised in either the state or federal habeas petition.  However, even assuming the limitation period was tolled for the 11 days during which this motion was pending in state court, the deadline would be moved ahead to January 14, 2001.  The instant petition would still be untimely by more than 5 months.

7. Petitioner has not presented, nor do I find that any of the equitable tolling provisions

of § 2242(d)(2) are implicated. Accordingly, federal review of the present petition is barred because it is untimely under 28 U.S.C. § 2244(d)(1)(A).

## Recommendation

I recommend that Petitioner's application for Writ of Habeas Corpus be DENIED, and that this cause be DISMISSED WITH PREJUDICE IN ITS ENTIRETY. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE